### MYERS v. DEAN.

(*Common Pleas of New York City and County, General Term.* June 2, 1890.)

CONTRACTS—VALIDITY—PUBLIC POLICY.
    The law requires that leases of New York city property shall be made at public auction to the highest bidder, but it is usual before the auction to obtain privately

what is considered a reasonable offer, which can be accepted if no higher bid is made. Plaintiff assisted defendant in negotiating with the city comptroller as to such an offer, and alleged that defendant agreed to pay him a commission, in case the bid was accepted. There was no bargaining as to keeping away other bidders. *Held*, the contract was not void as against public policy.

Appeal from special term.

Action by Walter Myers against Robert J. Dean. Verdict for plaintiff. A motion for a new trial was denied, and defendant appealed.

*Handy & Hatch*, for appellant. *P. L. Eckerson*, for respondent.

BOOKSTAVER, J. This action is brought to recover broker's commissions in negotiating a lease of the property bounded by West, Reade, Washington, and Duane streets, in this city. The comptroller had charge of the property to rent on behalf of the city. The laws require that all leases of this kind shall be at public auction to the highest bidder. Before exposing such leases for sale, however, it has been usual, and we think quite necessary, for the officer having the matter in charge to obtain what he thinks a reasonable offer which the party desiring the property will make as an upset bid for the same; otherwise it might frequently happen that the property would either realize less than its value or have to be withdrawn from the sale. According to plaintiff's testimony, the comptroller wished the plaintiff to bring parties to him, and to procure offers for the property in question. Notices were posted on the property stating it was to lease. Plaintiff endeavored to get various persons to make offers, some of whom did, but their propositions were refused by the comptroller because he thought them too low. Plaintiff saw the defendant, talked to him about the property, showed him a diagram of it, told him how much the comptroller asked, informed the comptroller that he had a customer in Mr. Dean before the latter saw him. Previous to that time, as plaintiff testified, the defendant had agreed to pay him his commission if he would assist in obtaining the property. It was known to both the city would pay none. Plaintiff negotiated with the comptroller about the price, and had, as he testified, several interviews with him about the matter. On the 2d of November, 1888, plaintiff and defendant met by appointment at the comptroller's office, talked over the terms, and finally the defendant agreed to take the property on a lease for 10 years at an annual rental of $31,000, provided no one bid higher at the auction sale. Whereupon the proposal was reduced to writing, and it contained a clause that the defendant would pay brokerage. The public sale afterwards took place, and the plaintiff became the purchaser. Defendant denied that he ever agreed to pay brokerage, or that plaintiff rendered any services in the matter, or was entitled to any commissions, and claimed that the clause as to brokerage was only inserted in the proposal to save the city from any claim for it. At the close of the plaintiff's case defendant moved for a dismissal of the complaint, on the ground that defendant's promise to pay brokerage contained in the written paper was void and *nudum pactum*. So it would have been had it stood alone, but, coupled with the testimony, we think there was sufficient consideration established, provided the jury believed plaintiff's evidence. He also moved to dismiss the complaint on the ground that no contract or employment had been proved, but we think the testimony was sufficient to warrant the submission of that question to the jury. It was sent to the jury, and they found a verdict for the plaintiff for $3,063.33. The evidence is conflicting, and we cannot say that the preponderance in defendant's favor is so great as to warrant us in setting it aside, even if defendant had made that one of the grounds for so doing in his motion for a new trial. No exception was taken to the judge's charge as originally made. At its close plaintiff's counsel asked the court to charge "that, if the jury believe that Mr. Dean stated to Mr. Myers before the lease was obtained that if he obtained the lease on his offer he would pay the commission, then the plaintiff is entitled to recover," which it did, and de-

fendant took an exception. The charge must be read as a whole, and the portion excepted to does not mean, as plaintiff contends, that if Mr. Dean at any time stated to the plaintiff he would pay him a commission as a gratuity if he obtained the lease. But we think it meant that, in consideration of plaintiff's services, he would pay the commission, and in this light it was not error.

The exception to the admission of expert evidence as to brokerage was not well taken. It was admissible under the allegations of the complaint, and was relevant to the issues.

The question as to the legal effect of the written proposal was properly excluded. It called for a conclusion of law, and not for any fact.

Nor was the contract void as against public policy. There is nothing in the evidence from which an inference can be drawn that the plaintiff undertook to keep others away from the sale, or from bidding or purchasing at the same, or that he in fact did so. The whole agreement, if made, was completed when the written proposal was submitted to the comptroller, provided no one bid higher at the auction sale, and there was no bargaining between the parties looking to keeping any one away from that sale. The judgment should therefore be affirmed, with costs.